IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 24 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY
AS SUBROGEE OF ROBERT AND
RACHEL ELMORE                                                              PLAINTIFF

VS.                                        CAUSE NO. 3:17-cv-129 WHB-JCG

ROOFING RESOURCES, LLC                                                     DEFENDANT

## COMPLAINT

*Jury Trial Demanded*

**COMES NOW** Plaintiff, State Auto Property and Casualty Insurance Company, as Subrogee of Robert and Rachel Elmore, and hereby brings this action against the Defendant, Roofing Resources, LLC, and alleges as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, State Auto Property and Casualty Insurance Company (hereinafter "State Auto"), is an Iowa corporation with its principal place of business in Iowa. State Auto is a duly authorized property insurer in the State of Mississippi, providing coverage to Robert and Rachel Elmore for property located at 585 Bedford Circle, Madison, Mississippi 39110.

2. Defendant, Roofing Resources, LLC (hereinafter "Roofing Resources"), is a business offering roofing and roofing-related services organized and existing under the laws of the State of Mississippi, with its principal place of business located in Brandon, Mississippi. Defendant Roofing Resources can be served with process through its registered agent, Stanley K. Phillips, at 99 Riverbend Drive, Brandon, Mississippi 39047.

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), because the acts or omissions giving rise to this Complaint occurred in this judicial district.

## ALLEGATIONS OF FACTS

5.      This Complaint arises from an incident that occurred on or about January 11, 2016, which caused substantial damage to a property owned by Robert and Rachel Elmore (hereinafter "Elmore"), located at 585 Bedford Circle, Madison, Mississippi 39110 (hereinafter "the Property"), and insured by State Auto.

6.      At all times pertinent to the allegations of the Complaint, Elmore rented the Property to Dorothy Wilson, (hereinafter "Wilson") who was residing at the Property at the time of the incident.

7.      Elmore purchased the Property in August 2015. At that time, Elmore caused the Property to be inspected. This inspection revealed that the Property required repairs including, but not limited to, replacement of the roof. Elmore was also told that the chimney was rotted and needed to be replaced.

8.      Elmore hired Roofing Resources to replace the roof and address the issue of the chimney. Roofing Resources informed Elmore that the chimney could be rebuilt or replaced with certain less expensive venting components. Elmore opted for (and Roofing Resources in fact installed) the less expensive option based on Roofing Resources' assurances that this option, although less expensive, was also a reasonable, appropriate, and safe option that would allow the gas logs (in the fireplace) inside the Property to be used and operated safely.

9. In October 2015 (after Roofing Resources performed the aforementioned work), Wilson moved into the Property. Wilson used the gas log fireplace inside the Property for approximately thirty minutes and did not notice anything unusual. Wilson used the gas log fireplace again the night of January 11, 2016. She ignited the logs as directed and the logs functioned as designed. Approximately thirty to forty-five minutes later, Wilson noticed smoke entering the home near the ceiling above the fireplace. Wilson exited the home and saw flames coming from the roof above the fireplace. Wilson called 911 immediately. However, the fire engulfed the home (hereinafter "Fire").

10. Testing of the electrical and gas systems in the home excluded both systems as a potential cause of the Fire. Fire pattern analysis revealed that the Fire originated at roof level proximate to the chimney vent piping installed and modified by Defendant Roofing Resources.

## COUNT I - NEGLIGENCE

11. The allegations contained in paragraphs 1 through 10, above, are re-alleged and incorporated herein by reference as if fully set forth below.

12. At all times pertinent to the allegations of this Complaint, specifically, with respect to its work as performed on the Property, Roofing Resources had a duty to exercise a degree of care commensurate with the work being performed. Because the work performed by Roofing Resources involved the venting of gas appliances, Roofing Resources was obligated to exercise the highest duty of care. In the alternative, Roofing Resources had a duty to exercise reasonable care. Regardless, for the reasons set forth herein, Roofing Resources breached these duties.

13. The proximate cause of the Fire was the impingement of hot gases from the fireplace onto combustible materials at roof level. The ultimate cause of this was the removal of the chimney

3

and installation and modification of the fireplace vent and chimney, rendering it out of compliance with applicable codes, regulations, and industry standards, by Roofing Resources.

14. As installed and modified by Roofing Resources, the fireplace venting was improper and violated applicable codes, standards, and regulations for reasons including, but not limited to, the following:

    A. there was no proper termination cap at the top of the fireplace vent;

    B. the cover as installed by Roofing Resources was merely for preventing the elements from entering the vent piping and attic space;

    C. there was no proper termination for the triple wall vent piping from the gas log fireplace where it met the roof decking; and/or

    D. the vent piping and chimney was not adequate and appropriate in height or length.

15. For all these reasons (and others to be proven at the trial of this matter), the vent piping did not allow for convective currents to carry hot gases up and out of the connected fireplace and prevent hot gases from impinging on combustible materials (including the roof decking and shingles).

16. At the time Roofing Resources performed the aforementioned work and made the aforementioned alterations to the Property, Roofing Resources knew or should have known that the venting it installed was improper, inadequate, and violated applicable codes, regulations, and

standards and would not provide venting that would allow convective currents to carry hot gases up and out of the connected fireplace in a manner that would prevent those gases/heat from impinging on and igniting adjacent combustible materials including the roof decking and shingles. Thus, Roofing Resources breached all applicable standards of care and knew or should have known that its improper work would likely result in the ignition of combustible materials.

17. As a direct, proximate, and foreseeable result of Roofing Resources' negligence above, Elmore (and therefore State Auto) has been damaged in an amount not less than $151,833.00.

## COUNT II - BREACH OF CONTRACT

18. The allegations contained in paragraphs 1 through 17, above, are re-alleged and incorporated herein by reference as if fully set forth below.

19. Roofing Resources undertook the chimney and vent piping installation and modification at issue in the Property of Elmore pursuant to a valid and binding contract between it and Elmore.

20. Pursuant to its contract, Roofing Resources owed to Elmore the implied contractual duty to perform all of the work within the scope of its contract in a good and workmanlike manner, and in compliance with all applicable codes and industry standards.

21. Roofing Resources breached its contractual duties to Elmore by:

    A. Failing to perform the chimney and vent piping modification and installation in a good and workmanlike manner;

    B. Failing to install the chimney and vent piping in accordance with applicable codes;

    C. Failing to install the chimney and vent piping in accordance with industry standards; and/or

D.  Other breaches as discovery may reveal.

22. As a direct, proximate, and foreseeable result of Roofing Resources' breach of its contractual duties, Elmore (and therefore State Auto) has been damaged in an amount not less than $151,833.00.

## DAMAGES

23. As a direct and proximate result of Roofing Resources' negligence, State Auto is entitled to have and recover its damages, in excess of $151,833.00, as will be proven at a trial of this matter, from Roofing Resources.

## JURY DEMAND

24. State Auto hereby demands a jury trial on all issues triable as of right by a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, State Auto Property and Casualty Insurance Company, as Subrogee of Robert and Rachel Elmore, demands judgment against Defendant, Roofing Resources, LLC, in an amount in excess of $151,833.00, together with interest, costs, reasonable attorney's fees, and such other relief as the Court deems just and appropriate.

**THIS**, this the 22nd day of February, 2017.

Respectfully submitted,

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, AS SUBROGEE OF ROBERT AND RACHEL ELMORE

By Its Attorneys,
GLADDEN & INGRAM, PLLC

_____
DAVID LEE GLADDEN, JR.

OF COUNSEL:
DAVID LEE GLADDEN, JR. (MSB# 100839)
WHITNEY GLADDEN (MSB#102565)
GLADDEN & INGRAM, PLLC
455 Pebble Creek Drive
Madison, Mississippi 39110
Post Office Box 2970
Madison, Mississippi  39130
Tel:     (601) 707-5903
Fax:    (601) 707-5915
Email: lgladden@gladdeningram.com
Email: wgladden@gladdeningram.com
Web:   www.gladdeningram.com

DAVID M. BESSHO, ESQ. (GA BAR #055784)
COZEN O'CONNOR
The Promenade Suite 400
1230 Peachtree Street N.E.
Atlanta, GA  30309
Tel:     (404) 572-2000
Fax:    (404) 572-2199
Email: dbessho@cozen.com
Web:   www.cozen.com
Pro Hac Vice to be Filed

*Attorneys for State Auto Property and Casualty Insurance Company, as Subrogee of Robert and Rachel Elmore*